UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLOS ASPRILLA,

v.  Case No. 8:05-cr-86-T-24TGW
   8:07-cv-2242-T-24TGW

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court on Defendant Asprilla's 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. (Doc. cv-1; cr-120). Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. See 28 U.S.C. § 2255.\

BACKGROUND

On May 16, 2005, Asprilla pled guilty, without a plea agreement, to possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 Appendix, U.S.C. §§ 1903(a) & 1903(g); and 18 U.S.C. 2; 21 U.S.C. § 960(b)(1)(B)(ii) (Count One); and conspiracy to possess with intent to and distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 Appendix, U.S.C. §§ 1903(a), 1903(g), and 1903(j); 21 U.S.C. § 960(b)(1)(B)(ii) (Count Two). (Doc. cr-45; cr-78)

On August 25, 2005, the Court sentence Asprilla to a total term of one hundred and

thirty-five months, with the sentences on counts one and two to run concurrently. Judgment was entered that same date. (Doc. cr-78).

On September 5, 2005, Asprilla filed a Notice of Appeal. (Doc. cr-83). On April 4, 2006, the Circuit Court of Appeals for the Eleventh Circuit affirmed Asprilla's conviction and sentence. (Doc. cr-116).

On December 5, 2007, Asprilla signed the present motion to vacate. He filed the motion to vacate on December 10, 2007.

## Motion To Vacate Is Time-Barred

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, § 105 of the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for the filing of a § 2255 motion, to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; 3) the date on which the right asserted was initially recognized by the United States Supreme Court; or 4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (Apr. 24, 1996).

For final judgments entered after the effective date of the AEDPA, or April 24, 1996, as in this case, the statute of limitations begins to run on the date the district court's judgment becomes final. A conviction becomes "final" when the Supreme Court has denied certiorari. *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997); *United States v. Dorsey*, 988 F.Supp. 917, 919 (D. Md. 1998) ("In this case, this means that Dorsey had

one year from October 7, 1996, -- the date on which the Supreme Court denied certiorari, in which to file his 2255 motion.").

Since Asprilla did not file a petition for writ of certiorari, the judgment became "final" when the possibility of further direct appellate review was exhausted, 90 days from the entry of judgment. Asprilla's' conviction became final on July 5, 2006, when the time for seeking certiorari review had expired[1]; therefore, he had until July 5, 2007, to file a timely section 2255 motion. *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir.) (when prisoner does not petition for certiorari, conviction does not become "final" for purposes of section 2255(1) until expiration of 90-day period for seeking certiorari), *cert. denied*, 537 U.S. 875 (2002). Asprilla did not sign the present motion to vacate until December 5, 2007. Therefore, the 28 U.S.C. § 2255 motion to vacate is time-barred.

### Equitable Tolling Not Permitted in this Case

The Eleventh Circuit has held that 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar. Therefore, equitable tolling is permitted "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Steed v. Head*, 219 F.3d 1298 (11th Cir. 2000), (citing *Sandvik v. United States*, 177 F.3d 1269, 1270, 1271 (11th Cir. 1999)). The extraordinary circumstances standard in this Circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction. *See Helton v. Sec. for the Dept. of Corr.,* 259 F.3d 1310, 1314-15 (11th Cir.

---

[1] In accordance with Supreme Court Rule 13(3), the 90-day period to file a petition for writ of certiorari runs from the date of judgment or rehearing, not from the date of the mandate. The date of judgment in the Eleventh Circuit was December 28, 2001. (Doc. No. 431)

2001).

Equitable tolling is available only when the Defendant meets the high hurdle of showing (1) extraordinary circumstances (2) beyond his control (3) that made it impossible to file his petition on time. *See Sandvik*, 177 F.3d at 1271-1272 (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)); *Calderon v. United States District Court*, 163 F.3d 530, 541 (9th Cir. 1998)(en banc)); *Miller v. New Jersey Department of Corrections*, 145 F.3d 976, 978 (10th Cir.)); *Turner v. Singletary*, 46 F. Supp. 2d 1238, 1242 (N.D. Fla. 1999).

In *Henderson v. Johnson,* 1 F. Supp. 2d 650 (S.D. Tex. 1998), the Court stated:

> Many excuses presented in future cases will be easily identifiable as far from extraordinary, well-within the prisoner's control, and insufficient to have rendered it impossible for the prisoner to have filed a timely petition. Nevertheless, because the standard is expressed in terms intended to be applied generally, it is advisable to augment the rule with more specific principles that guide its implementation.  Otherwise, court decisions that resolve AEDPA tolling questions may amount to nothing more than a patchwork of individual rulings that succeeding courts must attempt to follow or distinguish on their facts.  The court therefore adopts the following nonexclusive factors to assist in deciding whether a prisoner has met the high tolling standard.  Although not all factors will apply in a given case, other considerations may appropriately be considered, and each factor need not carry equal weight, these considerations will enable the court to address the tolling issue using a framework that clarifies the more abstract aspects of the general rule.  These factors are as follows:
>
> . . .
>
> 3. was the circumstance extraordinary when measured according to those encountered by a typical prisoner who prosecutes pro se a federal habeas petition;
>
> 4. was the circumstance beyond the prisoner's control when measured according to the degree of control available to a typical prisoner who prosecutes pro se a federal habeas petition;
>
> . . .

4

      7. whether the court, by approving the ground on which the prisoner relies, would materially ease the high standard necessary to toll AEDPA's limitation period, thereby undermining Congress' expressed desire to accelerate the federal habeas process; and

      8. whether, if the period is not tolled on the ground on which the prisoner relies, the effect will be unconstitutionally to suspend the writ of habeas corpus, in violation of Article I, S 9, cl. 2 of the Constitution.

*Henderson*, 1 F. Supp. 2d at 654.

Based on applicable case law, Asprilla has not presented any exceptional circumstances for tolling the one-year limitations period.

Accordingly, the court orders:

That Asprilla's motion to vacate, set aside, or correct an allegedly illegal sentence (Doc. cv-1; cr-120) is denied, with prejudice. The Clerk is directed to enter judgment against Asprilla in the civil case and to close that case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v.*

*Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on December 12, 2007.

/s/ Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Carlos Asprilla